On rehearing:
Counsel for appellee in his brief on petition for rehearing challenges the accuracy of the statement of the trial judge concerning the rule of the district court referred to in the original, opinion, and in his brief sets forth what purports to be the rule in full. As stated in the original opinion, our only knowledge of the rule of the district court was what appeared in the abstract. Indeed, there was no other proper source of information to which we could resort. Counsel for appellee, with commendable frankness, admits that if the rule of the district court had been as stated by the trial court our condemnation thereof was warranted. Without intending or meaning to impugn the good faith of counsel for appellee, we cannot consider the rule of the district court as set forth by him in his brief on rehearing as though the same had been established by competent proof on the trial. We cannot consider for evidentiary purposes that which is called to our attention for the first time by brief. But if we were to accept the rule as stated in the brief, and treat it as though it were properly before us for our consideration, we are still disposed to think that the trial court erred in refusing to grant the request of defendant for a jury trial. The last clause of the rule itself, as it appears in appellee’s brief on rehearing, reads as follows:
*154 Decided April 14, A. D. 1913.
Rehearing denied June 10, A. D. 1913.
“Whenever it shall appear to the court that any case in which a jury trial has been waived ought properly to be tried by a jury, the court may direct that the case shall be tried to. a jury, in which event the case may be continued to a time when the jury is present, and trial shall' proceed in all respects as though the jury had not been waived.”
As stated in the original opinion, this case was one pre-eminently for a jury. The defendant clearly had not intentionally waived its right to a jury. The waiver, at best, was but an oversight on the part of its counsel, due to his lack of .familiarity with the rules of the trial court. We think the trial court abused its discretion in this case in arbitrarily enforcing a waiver thus unwittingly and unwillingly made. Nor can we yield assent to counsel’s contention that the application and enforcement of the rule in question by the trial court, under the circumstances disclosed by the record in this case and referred to in the original opinion, deprived the defendant of no substantial right, for the right of a trial by jury is universally regarded as an important one.

Rehearing Denied.